## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **AERIELLE AVINA KILGORE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-21-CV-7-DCG** |
| | § | |
| **RICHARD WILES,** | § | |
| **Sheriff, El Paso County,** | § | |
| **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Aerielle Avina Kilgore, state prisoner number 9537073-1530, challenges Sheriff Richard Wiles' custody of her through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Am. Pet., ECF No. 12. Her petition is dismissed because she failed to exhaust the remedies available in the state courts before filing her federal petition. 28 U.S.C. § 2254(b)(1)(A). She is also denied a certificate of appealability. *Id.* § 2253(c)(2).

## BACKGROUND

On November 1, 2012, a United States Border Patrol agent watching the Amtrak station in El Paso, Texas, entered a train with his drug-detecting dog. *Kilgore v. State*, 08-17-00172-CR, 2019 WL 2897485, at *1 (Tex. App.—El Paso July 5, 2019, no pet.). His dog alerted to a pink suitcase in the luggage compartment.[1] *Id.* Because his dog alerted, he sought back-up from other law enforcement officers.

---

[1] *See Florida v. Harris*, 568 U.S. 237, 246–47 (2013) ("If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. The same is true, even in the absence of formal certification, if the dog has recently and successfully completed a training program that evaluated his proficiency in locating drugs.").

When a plainclothes detective arrived, he started pulling the pink suitcase out of the luggage compartment for further inspection. *Id.* He was interrupted by Kilgore who claimed the suitcase belonged to her. *Id.* After another detective arrived and identified himself as a law enforcement officer, Kilgore denied ownership. *Id.* Based on Kilgore's responses, the detectives deemed the suitcase abandoned. *Id.* They opened the suitcase and found eight vacuum-sealed bundles of marijuana inside. *Id.* They placed Kilgore under arrest and escorted her off the train. *Id.* They also located her seat aboard the train and found a matching pink carry-on suitcase and a purse containing her identification card. *Id.*

Kilgore was charged with the unlawful possession of more than five pounds but less than fifty pounds of marijuana in cause number 20120D05387 in Criminal District Court Number 1 of El Paso, County. *Id.* at *2. During her jury trial, she attempted to establish that the pink suitcase containing the marijuana could not be deemed abandoned based solely on her denial of ownership. *Id.* She requested an instruction under Texas Code of Criminal Procedure Article 38.23(a)—the Texas exclusionary statute—to allow the jury to consider whether the pink suitcase was searched unlawfully. *Id.* Her request was denied. *Id.*

On July 18, 2017, Kilgore was found guilty as charged by the jury. *Id.* She was sentenced by the state court to a probated sentence of ten years' imprisonment. *Id.* She was also assessed a $2,000 fine, $1,500 of which was probated, and ordered to serve 500 hours of community service. *Id.*

Kilgore's sole issue in her direct appeal was whether the state court erred in denying her requested jury instruction. *Id.* She argued that she had raised a fact issue about the legality of

2

the warrantless search of the pink suitcase.  *Id.*   Her issue was overruled and the judgment of the trial court was affirmed by the Eighth Court of Appeals.  *Id.* at *3.

Kilgore's petition is not clear concerning the date and circumstances of her most-recent arrest and detention.  She claims she was not on probation at the time of her arrest because she had appealed her conviction.  She maintains her appeal somehow "suspended the sentence" –and presumably her community supervision.  Pet'r's Am. Pet. 6.

Despite Kilgore's assertion that she was not on probation, her arrest apparently came after she violated the conditions of her supervised release.  She was detained at the El Paso County Jail Annex without bond after an evaluation of her competence.  The docket sheet in her criminal case suggests that she was re-sentenced on December 12, 2019.  Pet'r's Original Pet., Ex. 1 (Register of Actions, Case No. 20120D05387), p. 4, ECF No. 1-1.

Kilgore filed a petition for a writ of habeas corpus in state court on October 29, 2020, "seeking relief from an incompetency order issued by the . . . 384th District Court" in El Paso. *In re Kilgore*, No. 08-20-00223-CR, at 1 (Tex. App.—El Paso Dec. 7, 2020).  Her petition was denied by the Eighth Court of Appeals because it did not identify the specific proceedings by case number, did not include a copy of the incompetency order, and was not certified as required by Texas Rule of Appellate Procedure 52.3(j).  *Id.* at 1–2.

Kilgore now claims six grounds for relief from her confinement.  Pet'r's Am. Pet. 6. First, she asserts she did not commit a crime.  *Id.*  Second, she contends she was not on probation or parole at the time of her arrest.  *Id.*  Third, she maintains she was punished for exercising unspecified "common law rights" before the state court.  *Id*. at 7.  Fourth, she argues she has "no

obligation to be forced to agree with any contracts from the [state] court." *Id.*   Fifth, she maintains the detectives failed to identify her as the perpetrator of the offense because they did not have a voice or video recording of her claiming ownership of the suitcase. *Id.* at 14.   Finally, she argues her belongings were unlawfully searched without a warrant. *Id.*

## APPLICABLE LAW

"[C]ollateral review is different from direct review," and the writ of habeas corpus is "an extraordinary remedy," reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993).   It "is designed to guard against extreme malfunctions in the state criminal justice system."   *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).   It is granted pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973).

The federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow because "state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).   "Indeed, federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).   They must generally defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).   And they must defer to state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).   They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

**A.  Unadjudicated Claims**

A state prisoner must exhaust available state remedies before seeking federal habeas corpus relief, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.  *See* 28 U.S.C. § 2254(b)(1) (explaining that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  A petitioner satisfies the exhaustion requirement when she presents the substance of her habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).  In Texas, the Court of Criminal Appeals is the highest court for criminal matters.  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of her claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.  *See* Tex. Crim. Proc. Code Ann. art. 11.07 ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908–09 (5th Cir. 1998).

If a state prisoner presents unexhausted claims, the federal habeas court may dismiss the petition.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).  If a state prisoner presents a "mixed petition" containing both exhausted and unexhausted claims, the federal habeas court

may stay the proceedings or dismiss the petition without prejudice to allow the petitioner to return to state court and exhaust his claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Alternatively, the federal habeas court may *deny* relief on an unexhausted or mixed claim on the merits, notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). A federal habeas court may *grant* relief on an unexhausted or procedurally defaulted claim only if the petitioner demonstrates cause for the default and actual prejudice arising from the default—or shows the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749–50; *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). This means that before a federal habeas court may grant relief on an unexhausted claim, the petitioner must show that some objective, external factor prevented her from complying with the state procedural rule. *Martinez v. Ryan*, 566 U.S. 1, 13–14 (2012). When reviewing an unexhausted claim on the merits, the deferential standard of review does not apply. Instead, the federal habeas court examines unexhausted claims under a *de novo* standard of review. *Cullen v. Pinholster*, 563 U.S. 170, 185–86 (2011); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

### B. Adjudicated Claims

For claims that were adjudicated in state court, 28 U.S.C. § 2254(d) imposes a highly deferential standard which demands a federal habeas court grant relief only where the state court judgment:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2).  The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  Moreover, the federal habeas court's focus is on the state court's ultimate legal conclusion, not whether the state court considered and discussed every angle of the evidence. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("we review only the state court's decision, not its reasoning or written opinion").  Indeed, state courts are presumed to "know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  Factual findings, including credibility choices, are entitled to the statutory presumption, so long as they are not unreasonable "in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Further, factual determinations made by a state court enjoy a presumption of correctness which the petitioner can rebut only by clear and convincing evidence.  *Id.* § 2254(e)(1); *see Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006) (noting that a state court's determination under § 2254(d)(2) is a question of fact).  The presumption of correctness applies not only to express findings of fact, but also to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

In sum, the federal writ serves as a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."

*Harrington*, 562 U.S. at 102–03 (quoting *Jackson*, 443 U.S. at 332, n.5).  "If this standard is difficult to meet, that is because it was meant to be."  *Id.* at 102.

## ANALYSIS

Kilgore claims six grounds for relief from her confinement.  Pet'r's Am. Pet. 6.  First, she asserts she did not commit a crime.  *Id.*  She explains there was no violence, loss or "real party of interest."  *Id.*  Second, she contends she was not on probation or parole at the time of her most recent arrest.  *Id.*  She reasons her appeal suspended her sentence.  *Id.*  Third, she maintains she was punished for exercising unspecified "common law rights" before the state court.  *Id.* at 7. Fourth, she argues she has "no obligation to be forced to agree with any contracts from the [state] court."  *Id.*  She claims she is "the sole judge as to all that affects" her because she is "sovereign" and all of her "rights have been reserved."  *Id.*  Fifth, she maintains the detectives failed to identify her as the perpetrator of the offense because they did not produce a voice or video recording of her claiming ownership of the pink suitcase.  *Id*. at 14.  Finally, she argues her belongings were unlawfully searched without a warrant.  *Id.*

Kilgore filed a state application for a writ of habeas corpus on October 29, 2020.  *In re Kilgore*, No. 08-20-00223-CR (Tex. App.—El Paso Dec. 7, 2020).  Her application was denied by the Eighth Court of Appeals because it did not meet the State's requirements for a state writ application.  *Id.*

The Court therefore made a preliminary finding that Kilgore did not present the substance of her claims to the state's highest court in a procedurally proper manner before filing her federal petition—and that it should dismiss the petition.  *Baldwin*, 541 U.S. at 29; *Morris*, 379 F.3d at

204.  It accordingly asked Kilgore to "directly address the exhaustion requirement"—but she failed to do so.  Order to Cure 3, ECF No. 5; Pet'r's Am. Pet.  It then ordered Kilgore to show cause why it should not dismiss her petition for failure to exhaust.  Order to Show Cause, ECF No. 13.

In her response to the order, Kilgore offers six "causes" for her failure to exhaust.  Pet.'s Resp., ECF No. 16.  First, she asserts the Court should "not tolerate or support any violation of constitutional rights."  *Id*. at 2.  Second, she suggests her "counselors failed to fully exhaust the remedies."  *Id.* at 3.  Third, she claims she made "a direct attempt to exhaust" on March 12, 2020.  *Id*. at 4.  Fourth, she contends she has "remained in 23hr lockdown the entire time [she has] been in custody in order to maintain [her] health for reasons of COVID-19."  *Id.* at 16.  Fifth, she avers she has "made numerous attempts . . . to access the . . . law library in efforts to gain the knowledge required to exhaust my remedies."  *Id.* at 7.  Finally, she claims her counsel submitted a motion for her release due to COVID-19 on August 14, 2020, but the judge deliberately ignored the motion.  *Id*. at 9.

Notably, Kilgore does not deny that a jury found her guilty of unlawfully possessing more than five pounds but less than fifty pounds of marijuana on July 18, 2017.  *See Kilgore v. State*, 08-17-00172-CR, 2019 WL 2897485, at *1 (Tex. App.—El Paso July 5, 2019, no pet.).  She does not deny that the trial court sentenced her to a probated term of ten year's imprisonment.  *See id*. at *2.  She does not deny that the Eighth Court of Appeals affirmed her conviction.  *See id*. at *4.  She does not deny that she filed a state application for a writ of habeas corpus on October 29, 2020, seeking relief from the incompetency order issued by the 384th

Judicial District Court in El Paso. *See In re Kilgore*, No. 08-20-00223-CR (Tex. App.—El Paso Dec. 7, 2020). She also does not deny that the Eighth Court of Appeals dismissed her petition because it did not comply with state procedural requirements. *See Id.*

Additionally, Kilgore six "causes" do not excuse her failure to exhaust. First, she may raise federal constitutional claims in her amended federal petition, but "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez*, 566 U.S. at 9. Second, her counsel may have failed to file a proper state writ application, but " 'infirmities in state habeas proceedings do not constitute grounds for relief in federal court.' " *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001) (*quoting Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999)). Third, she may have attempted to file a state writ application, but the Eighth Court of Appeals denied her application because it did not comply with the State's procedural requirements. *In re Kilgore*, No. 08-20-00223-CR (Tex. App.—El Paso Dec. 7, 2020). Moreover, she did not file another state writ application after the Eighth Court of Appeals rejected her first application on procedural grounds. Fourth, she may have been in lockdown due to the COVID-19 pandemic, but she does not explain why she did not attempt to file a second writ application or a motion to submit an out-of-time petition with the state court. And despite the lockdown, she managed to file a federal writ application and respond to the Court's orders. Fifth, she may not have had access to a law library, but "absent a showing that [her] state appeal remedy was inadequate," which she has not alleged, her "state remedies [have] not been exhausted." *Fuller v. State of Fla.*, 473 F.2d 1383, 1384 (5th Cir. 1973). Finally, her counsel

may have submitted a motion for her release due to COVID-19 on August 14, 2020, but the fact that the state judge may have ignored it is not relevant to the issue of whether she exhausted her state remedies.

Consequently, the Court finds that Kilgore did not presented the substance of her habeas claims to the state's highest court in a procedurally proper manner before filing her federal petition. *Baldwin*, 541 U.S. at 29; *Morris*, 379 F.3d at 204. The Court further finds that Kilgore has not shown some objective, external factor prevented her from complying with the state procedural rules on habeas petitions. *Martinez*, 566 U.S. 13–14. The Court also finds that Kilgore's unexhausted claims are, therefore, subject to dismissal. *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A)).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue only if the petitioner has made a 'substantial showing of the denial of a constitutional right.' " *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (quoting 28 U.S.C. § 2253(c)(2)). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a petitioner's claims solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would neither debate the dismissal of Kilgore's § 2254

11

petition on procedural grounds nor find that the issues she presents are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court accordingly will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court, therefore, concludes that it should dismiss Kilgore's petition because she has failed to exhaust "the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Whitehead*, 157 F.3d at 387. The Court further concludes that Kilgore is not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2). The Court, therefore, enters the following orders:

**IT IS ORDERED** that Kilgore's amended petition for a writ of habeas corpus by a person in state custody (ECF No. 12) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust her state remedies.

**IT IS FURTHER ORDERED** that Kilgore is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 9th day of March 2021.

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

12